THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

METROPOLITAN AFRICAN METHODIST
EPISCOPAL CHURCH,

                  Plaintiff,

- against -

HUDSON VALLEY PROUD BOYS CHAPTER;
WILLIAM PEPE; JOHN DOES 1-100,

                  Defendants.

Case No. 25-cv-6396 (KPF)

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE DEFENDANT WILLIAM PEPE'S ANSWER AND AFFIRMATIVE DEFENSES AND FOR ENTRY OF DEFAULT AGAINST DEFENDANT WILLIAM PEPE**

## TABLE OF CONTENTS

I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY ............................. 1

II. LEGAL STANDARD ....................................................................................... 3

III. ARGUMENT ................................................................................................... 5

    A. Pepe's Answer Is Deficient Because It Is Untimely ....................................... 5

    B. Pepe's Answer Is Deficient Because It Fails to Comply with the Pleading Standards of Fed. R. Civ. P. 8(b) ....................................................... 6

    C. Pepe's Affirmative Defenses Lack Any Factual Basis and Fail to Satisfy the Pleading Standard ......................................................................... 8

    D. This Court Should Strike Pepe's Answer and Affirmative Defenses and Either Enter a Default or Declare the Complaint's Allegations Against Pepe Be Deemed Admitted .............................................................. 10

IV. CONCLUSION ............................................................................................... 11

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Bell Atlantic Corp.* v. *Twombly*,
 550 U.S. 544 (2007)..................................................................................................... 5

*Brock v. Unique Racquetball & Health Clubs, Inc.*,
 786 F.2d 61 (2d Cir.1986)..................................................................................... 10, 11

*Capri Sun GmbH* v. *Am. Beverage Corp.*,
 414 F. Supp. 3d 414 (S.D.N.Y. 2019).......................................................................... 3

*Car-Freshner Corp.* v. *Just Funky LLC*,
 2019 WL 6270991 (N.D.N.Y. Nov. 25, 2019)....................................................... 5, 8, 9

*Casaccia* v. *City of Rochester*,
 2019 WL 3816561 (W.D.N.Y. Aug. 14, 2019)......................................................... 4, 7

*City of New York v. Mickalis Pawn Shop, LLC*,
 645 F.3d 114 (2d Cir. 2011)....................................................................................... 10

*Douyon* v. *N.Y. Med. Health Care, P.C.*,
 2011 WL 1740630 (E.D.N.Y. May 4, 2011) ............................................................... 4

*Empower Fed. Credit Union* v. *Empower Annuity Ins. Co. of Am.*,
 2024 WL 3639440 (N.D.N.Y. Aug. 2, 2024)............................................................... 8

*Estee Lauder, Inc.* v. *Fragrance Counter, Inc.*,
 189 F.R.D. 269 (S.D.N.Y. 1999) ................................................................................. 9

*Gen. Elec. Cap. Corp.* v. *Ten Forward Dining, Inc.*,
 2011 WL 4631921 (E.D. Cal. Oct. 3, 2011) .............................................................. 11

*GEOMC Co.* v. *Calmare Therapeutics Inc.*,
 918 F.3d 92 (2d Cir. 2019) ................................................................................. 4, 5, 8

*Ismail* v. *Cohen*,
 706 F. Supp. 243 (S.D.N.Y. 1989), aff'd, 899 F.2d 183 (2d Cir. 1990) .................... 10

*In re Marietta Cobb Apartments Co.*,
 1977 WL 182365 (S.D.N.Y. Sept. 9, 1977)............................................................. 4, 7

*Nat'l Football League* v. *H.B.P.'s Rest., Inc.*,
 1998 WL 328635 (W.D.N.Y. June 10, 1998).............................................................. 4

*Orbit Irr. Prods.* v. *Sunhills Int'l*,
 2015 WL 1393232 (D. Utah Mar. 25, 2015)............................................................. 11

*RJ Kitchen Assocs. Inc.* v. *Skalski*,
    2018 WL 5456672 (E.D.N.Y. Aug. 2, 2018)...............................................................6

*Rouse v. Champion Home Builders Co.*,
    363 N.Y.S.2d 167 (1975) ................................................................................... 4, 7, 9

*Salahuddin* v. *Cuomo*,
    861 F.2d 40 (2d Cir. 1988)........................................................................................7

*Simmons* v. *Abruzzo*,
    49 F.3d 83 (2d Cir. 1995).......................................................................................4, 6

*Skyline Steel, LLC* v. *Pilepro, LLC*,
    2015 WL 999981 (S.D.N.Y. Mar. 5, 2015)............................................................3, 6

*Sweigert v. Goodman*,
    2024 WL 4493768 (S.D.N.Y. Oct. 11, 2024) ............................................................7

*Tal Dagan MD PC* v. *Resols. Billing & Consulting, Inc.*,
    2024 WL 5089276 (S.D.N.Y. Dec. 12, 2024)........................................................4, 5

*Trs. of New York City Dist. Council of Carpenters Pension Fund, Welfare*
    *Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. &*
    *Indus. Fund* v. *M.C.F. Assocs., Inc.*,
    530 F. Supp. 3d 460 (S.D.N.Y. 2021).........................................................................8

*Vyas for & on behalf of Q3 I, L.P.* v. *Taglich Bros., Inc.*,
    2025 WL 1265876 (S.D.N.Y. Apr. 28, 2025).............................................................9

*Weitnauer Trading Co.* v. *Annis*,
    516 F.2d 878 (2d Cir. 1975)....................................................................................10

*White* v. *Smith*,
    91 F.R.D. 607 (W.D.N.Y. 1981)................................................................................4

*Wilmington Sav. Fund Soc'y, FSB* v. *White*,
    2021 WL 7908045 (E.D.N.Y. Dec. 14, 2021) .........................................................10

*Yoon* v. *Jamaica French Cleaners, Inc.*,
    2014 WL 4199723 (E.D.N.Y. Aug. 22, 2014) .........................................................10

**Other Authorities**

Fed. R. Civ. P. Rule 8 ............................................................................ 1, 3, 4, 5, 6, 7, 10

Fed. R. Civ. P. Rule 12 .................................................................................. 1, 3, 5, 6, 10

Fed. R. Civ. P. Rule 55 ...............................................................................................10

2 James Wm. Moore et al., Moore's Federal Practice § 8.04[1] (3d ed. 1999)...................3, 6

Local Civil Rule 7.1.......................................................................................................1

Local Civil Rule 55.1 .................................................................................................. 1, 5

Pursuant to Federal Rules of Civil Procedure ("Rule") 8 and 12 and Local Civil Rules of the United States District Court for the Southern District of New York 7.1 and 55.1, Plaintiff Metropolitan African Methodist Episcopal Church ("Plaintiff") moves to strike Defendant William Pepe's Answer, Dkt. 20 ("Pepe's Answer" or "Answer").

Pepe's Answer was untimely and is deficient, and has failed to engage with any aspect of Plaintiff's Complaint in good faith. It asserts blanket, boilerplate denials of the vast majority of Plaintiff's allegations and wholesale denies objectively true and indisputable facts. *See* Dkt. 1, 20. Pepe filed his deficient Answer two weeks late, and then, after Plaintiff offered him an opportunity to file an amended Answer and avoid a motion to strike, Dkt. 22, Pepe ignored that deadline, too. Pepe's pattern of disregard for the Federal Rules of Civil Procedure warrants the Court striking Pepe's Answer and directing the Clerk to issue a Certificate of Default, upon which Plaintiff will move for the Court to enter default in favor of Plaintiff. Alternatively, the Court should strike Pepe's Answer and Affirmative Defenses, and deem Plaintiff's allegations as to Pepe admitted.

I.    **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Nearly five years ago, a mob of individuals affiliated with the Proud Boys, an all-male extremist group, vandalized Plaintiff, a storied historical Black church in Washington, D.C., and destroyed its "Black Lives Matter" banner. Dkt. 1 at ¶¶ 1-2. Plaintiff acquired the Proud Boys trademark as part of a multi-million-dollar judgment stemming from that act of hateful vandalism. *Id*. ¶¶ 3-5.

On August 4, 2025, Plaintiff filed a Complaint against the Hudson Valley Proud Boys Chapter and its leader, William Pepe, for unlawful and ongoing infringement of Plaintiff's trademark rights and other violations of law. Dkt. 1. Pepe personally accepted service on August 14, 2025. *See* Dkt. 17. Pepe did not file an answer by the September 4, 2025 deadline. *See* Fed. R. Civ. P. 12(a)(1)(A)(i) (setting a 21-day deadline to answer). On

1

September 10, 2025, Pepe's counsel entered an appearance. *See* Dkt. 19. Plaintiff's counsel contacted Pepe's counsel on September 15, 2025, noting that Pepe had defaulted, inquiring as to why Pepe had not timely filed his Answer, and asking whether Pepe intended to. Ex. A.

After receiving no response, Plaintiff's counsel again contacted Pepe's counsel on September 17, 2025. *Id*. In response, Pepe's counsel indicated that Pepe's Answer would be forthcoming "by the end of this week." Ex. B at 3. Pepe's counsel offered no explanation for Pepe's tardy Answer and did not request an extension. *Id*. Pepe ultimately filed his untimely Answer on September 18, 2025, two weeks late. *See* Dkt. 20. In response to a Complaint with 114 paragraphs, Pepe submitted an Answer that was two pages long, consisting of general denials and misplaced affirmative defenses. *See id*.

On September 25, 2025, Plaintiff's counsel sought to schedule a meet-and-confer with Pepe's counsel to discuss deficiencies in Pepe's Answer. Ex. B at 2. Pepe's counsel ignored Plaintiff's first email, but responded after Plaintiff followed up four days later, and the parties ultimately scheduled a meet-and-confer for September 30, 2025. *Id*. at 1. At the agreed-upon time, Plaintiff's counsel waited on the conference line for 30 minutes; however, Pepe's counsel failed to show. Pepe's counsel did not provide any notice that he would not be joining the call. Plaintiff's counsel called and emailed Pepe's counsel inquiring about his failure to show. *Id*.

Pepe's counsel eventually responded, and the parties rescheduled the meet-and-confer for October 2, 2025. *Id*. During the meet-and-confer, Pepe's counsel agreed to file an amended Answer. In an effort to avoid unnecessary litigation, Plaintiff consented to Pepe's anticipated amendment. On October 9, 2025, the parties filed the Joint Stipulation and Order, reflecting their agreement. *See* Dkt. 21. The Stipulation and Order confirmed that "Pepe's Answer was untimely, and also deficient under the Federal Rules of Civil Procedure, and that Pepe's affirmative defenses should be struck." *Id*. In the Stipulation and Order, the parties

2

further agreed that "Defendant shall file an Amended Answer, if any, by no later than October 17, 2025." *Id.* The Court ordered the Stipulation on October 10, 2025. *See* Dkt. 22.

To date, Pepe has not filed any amended Answer, nor has he filed anything explaining his failure to do so. Pepe's counsel has not offered any explanation to Plaintiff's counsel (or indeed, even reached out to the Plaintiff's counsel at all since Pepe agreed to amend). Pepe's conduct is part of a sustained refusal to participate in this litigation in good faith and to follow the Federal Rules of Civil Procedure.

## II.  LEGAL STANDARD

A court may strike an untimely answer. A defendant must serve an answer within 21 days after being served with a summons and complaint. Fed. R. Civ. P. 12(a)(1)(A)(i). A motion to strike an answer for untimeliness "properly arises under the Court's authority to enforce the deadline for filing an answer established by the Fed. R. Civ. P. 12(a)[.]" *Skyline Steel, LLC* v. *Pilepro, LLC*, 2015 WL 999981, at *2 (S.D.N.Y. Mar. 5, 2015) (citation omitted).

A court may also strike an answer that is substantively improper. Rule 12(f) permits a court to strike "from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Further, "[f]ederal courts have discretion in deciding whether to grant motions to strike." *Capri Sun GmbH* v. *Am. Beverage Corp.*, 414 F. Supp. 3d 414, 423 (S.D.N.Y. 2019) (internal citations omitted).

Rule 8 provides substantive requirements for an answer. Pursuant to Rule 8(b), "a party must: (A) state in short and plain terms its defenses to each claim asserted against it; and (B) admit or deny the allegations asserted against it by an opposing party." The standard is whether the Answer gives fair and adequate notice to the other side, 2 James Wm. Moore et al., Moore's Federal Practice § 8.04[1] (3d ed. 1999), and whether the Answer functions to "enable the adverse party to . . . prepare for trial . . . and identify the nature of the case so it may be assigned the proper form of trial." *Simmons* v. *Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995)

3

(citation omitted). General denials of the entire complaint are only available "in the most exceptional cases" where the party is "acting in good faith." *Casaccia* v. *City of Rochester*, 2019 WL 3816561, at *10 (W.D.N.Y. Aug. 14, 2019); *see also Douyon* v. *N.Y. Med. Health Care, P.C.*, 2011 WL 1740630, at *3 (E.D.N.Y. May 4, 2011) (granting motion to strike answer where defendants "eschew[ed] the traditional practice of separately admitting or denying each paragraph in the Complaint."); *White* v. *Smith*, 91 F.R.D. 607, 608 (W.D.N.Y. 1981) (denials typically require "specific denials of designated averments or paragraphs."); *see also Nat'l Football League* v. *H.B.P.'s Rest., Inc.*, 1998 WL 328635, at *1 (W.D.N.Y. June 10, 1998) (determining that a general denial of "the truth and accuracy of each and every allegation set forth in the Complaint at paragraphs 1 through 50" was "patently improper, violates the requirements of FRCP 8(b) and warrants an order striking the Answer") (internal citations omitted). "A general denial . . . hampers a court and the litigants in their common quest to narrow the issues in a particular case." *In re Marietta Cobb Apartments Co.*, 1977 WL 182365, at *8 (S.D.N.Y. Sept. 9, 1977). *Rouse* v. *Champion Home Builders Co.*, 363 N.Y.S.2d 167, 168 (1975) ("The use of the general denial against a complaint containing specific allegations of fact has been consistently commented upon adversely by the courts" and "[w]e condemn the growing practice of serving such an answer whether it is verified or not.").

Finally, a court may also strike an answer's affirmative defenses (i) where there is either no question of fact which might allow the defense to meet the plausibility standard applied to pleadings or (ii) if there is no question of law which might allow the defense to succeed, and the plaintiff is prejudiced thereby. *GEOMC Co.* v. *Calmare Therapeutics Inc.*, 918 F.3d 92, 96 (2d Cir. 2019); *see also Tal Dagan MD PC* v. *Resols. Billing & Consulting, Inc.*, 2024 WL 5089276, at *1 (S.D.N.Y. Dec. 12, 2024) ("An affirmative defense should be stricken if it is not supported by 'plausible' factual allegations or if it is 'legally insufficient' to 'preclud[e] a plaintiff from prevailing on its claims.'") (citation omitted). In determining whether to strike

an affirmative defense, courts apply the plausibility standard from *Bell Atlantic Corp.* v. *Twombly*, 550 U.S. 544 (2007). *GEOMC Co.*, 918 F.3d at 98. This is a "context-specific" task and "courts in this circuit have decided whether to strike affirmative defenses as factually implausible based on whether the challenged defense is, by nature, one that defendants would readily have facts to support." *Tal Dagan MD PC*, 2024 WL 5089276, at *2 (quoting *GEOMC Co.*, 918 F.3d at 98). A factually invalid defense "cause[s] prejudice to Plaintiff through waste of time and undue delay of discovery completion" and must be stricken. *Car-Freshner Corp.*, 2019 WL 6270991, at *4 (N.D.N.Y. Nov. 25, 2019). Prejudice may be determinative where "a defense is presented beyond the normal time limits of the Rules[.]" *GEOMC*, 918 F.3d at 99.

## III.  ARGUMENT

Pepe's Answer is untimely under Rule 12(a), and, in any event, is deficient under Rules 8(b) and 12(f). In addition, Pepe's Answer does not plead affirmative defenses with the requisite plausibility. If not stricken, Pepe's Answer prejudices Plaintiff because it does not allow Plaintiff fair or adequate notice of Pepe's objections. As such, Plaintiff respectfully requests the Court to strike Pepe's Answer and direct the Clerk's Office to issue a Certificate of Default under Local Civil Rule 55.1, upon which Plaintiff will seek to move for default in favor of Plaintiff. In the alternative, this Court should deem Plaintiff's allegations as to Pepe admitted.

### A.    Pepe's Answer Is Deficient Because It Is Untimely

The Court should strike Pepe's untimely Answer. Pursuant to Rule 12(a), Pepe was required to serve his Answer within 21 days after accepting service of the summons and complaint. Pepe filed his Answer 35 days after accepting service—a full two weeks late. "[W]here a motion to strike an answer is based on untimeliness . . . such a motion properly

arises under the Court's authority to enforce the deadline for filing an answer established by the Fed. R. Civ. P. 12(a)." *Skyline Steel*, 2015 WL 999981, at *2 (citation omitted).

Pepe then failed again to file a timely answer. After the parties conferred about substantive deficiencies in Pepe's untimely Answer, *see* Section I, Plaintiff provided Pepe an opportunity to cure his Answer's defects, and Pepe agreed to serve an amended Answer by October 17, 2025. Dkt. 21. That agreement was memorialized in the Stipulation and Order, which was so-ordered by the Court. Dkt. 22. But, Pepe ignored that agreed-upon deadline and elected not to file an amended Answer. Further, Pepe has not provided Plaintiff or this Court any explanation, notice, or indication of a forthcoming filing. Pepe's repeated, unexplained, and unwarranted failure to file a timely responsive pleading demonstrates that Pepe has no intention of "participat[ing] in the litigation in any meaningful way." *RJ Kitchen Assocs. Inc. v. Skalski*, 2018 WL 5456672, at *6 (E.D.N.Y. Aug. 2, 2018). Pepe's Answer should be stricken as untimely.

> **B.     Pepe's Answer Is Deficient Because It Fails to Comply with the Pleading Standards of Fed. R. Civ. P. 8(b)**

Even if the Court were to consider Pepe's untimely Answer, it should strike it for failure to comply with Rule 8(b). Rule 8(b) requires that, "[i]n responding to a pleading, a party must: (A) state in short and plain terms its defenses to each claim asserted against it; and (B) admit or deny the allegations asserted against it by an opposing party." Pursuant to Rule 8(d), pleadings must be "concise and direct." This ensures that the pleadings give fair and adequate notice to the other side. 2 James Wm. Moore et al., Moore's Federal Practice, § 8.04[1] (3d ed. 1999); *Simmons*, 49 F.3d at 86. When a party "fails to comply with these requirements, the district court has the power, on motion or *sua sponte*, . . . to strike such parts as are redundant or immaterial." *Id*. Under Rule 8(b)(6) "[a]n allegation . . . is admitted if a responsive pleading is required and the allegation is not denied."

6

Pepe's Answer is substantively deficient twice over. *First*, Pepe's Answer blanketly denies the vast majority of Plaintiff's allegations. *See* Dkt. 20 ¶¶ 1-3 (denying "each and every allegation set forth in paragraphs" 2-11 and 23-114 of Plaintiff's Complaint). Pepe's wholesale denials fail to provide Plaintiff with fair and adequate notice of Pepe's defenses, and prevent Plaintiff from effectively litigating this case. *See Sweigert* v. *Goodman*, 2024 WL 4493768, at *4 (S.D.N.Y. Oct. 11, 2024) ("[T]he principal function of pleadings under the Federal Rules is to give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial") (quoting *Salahuddin* v. *Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Further, Pepe's Answer "hampers [this] court and the litigants in their common quest to narrow the issues . . . ." *In re Marietta Cobb Apartments Co.*, 1977 WL 182365, at *8; *see also Rouse*, 363 N.Y.S.2d at 168 ("The service of an answer, such as the one before us, may be a time-saving device to defendant's attorneys, but it casts an unnecessary burden on the plaintiff and the trial court.").

*Second*, Pepe's Answer improperly denies allegations that are objectively true. Courts are generally not "pleased with the use of a general denial." *In re Marietta Cobb Apartments Co.*, 1977 WL 182365, at *8. General denials are only appropriate in "rare" circumstances "to a party acting in good faith . . . [and] only in the most exceptional cases." *Casaccia*, 2019 WL 3816561, at *10; *see also* Fed. R. Civ. P. 8(b)(2) (specifying that denials "must fairly respond to the substance of the allegation"). That is clearly not the case here. Pepe's blanket denial includes denial of allegations that are objectively true based on exhibits to the Complaint. For example, he denied that the Proud Boys' license to the "Proud Boys" trademark was terminated; a fact plainly belied by Exhibit 3 of the Complaint. *See* Dkt. 1 ¶ 32 & Ex. 3. Similarly, he denied that the "Proud Boys" trademark was present on www.nyproudboys.com; a fact easily disproved by Exhibit 4 of the Complaint. *Id*. ¶ 42 & Ex. 4. He also denied objectively true facts well within his personal knowledge, including his service as President of

7

the Hudson Valley Proud Boys Chapter—a fact Pepe himself acknowledged during his January 6, 2021 criminal trial—and that he was served with a cease and desist letter on June 26, 2025. *Id.* ¶¶ 15, 59 & Ex. 8.

### C. Pepe's Affirmative Defenses Lack Any Factual Basis and Fail to Satisfy the Pleading Standard

The Court should also strike Pepe's affirmative defenses. Pursuant to the Second Circuit's decision in *GEOMC Co.*, Pepe's affirmative defenses must show a sufficient factual basis under *Twombly*. 918 F.3d at 98. None do. In fact, Pepe has provided zero facts to support any of his affirmative defenses. Instead, Pepe's defenses set forth purely conclusory allegations. *Trs. of New York City Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund* v. *M.C.F. Assocs., Inc.*, 530 F. Supp. 3d 460, 467 (S.D.N.Y. 2021) ("[d]efendants' factual allegations fail because they allege no facts about *Plaintiffs*" and "[t]he lack of any non-conclusory factual allegations to support this affirmative defense, therefore, provides a separate basis to strike it.").

Each of Pepe's defenses includes only a bare recitation that lacked any supporting facts for the parties to test in discovery. *M.C.F. Assocs., Inc.*, 530 F. Supp. 3d at 467 (striking affirmative defense for "lack of any non-conclusory factual allegations"); *Car-Freshner Corp.*, 2019 WL 6270991, at *6 (striking affirmative defense because the defendant simply stated the defense "without providing any factual basis for that statement."). Pepe's failure to meet the required plausibility standard is therefore fatal. *See, e.g.*, *M.C.F. Assocs.*, 530 F. Supp. 3d at 467; *Car-Freshener Corp.*, 2019 WL 6270991, at *6; *Empower Fed. Credit Union* v. *Empower Annuity Ins. Co. of Am.*, 2024 WL 3639440, at *19 (N.D.N.Y. Aug. 2, 2024) (all striking affirmative defense(s) where the defendant alleged no factual basis for the defense).

8

The problem of Pepe's failure to provide factual support is further compounded by the indisputable fact that the facts necessary to support his defenses lie entirely *within his knowledge*. Providing boilerplate language for an affirmative defense when the defense is based on information that is generally within a defendant's knowledge prior to discovery is insufficient as a matter of law. *See Vyas for & on behalf of Q3 I, L.P.* v. *Taglich Bros., Inc.*, 2025 WL 1265876, at *2 (S.D.N.Y. Apr. 28, 2025) (granting a motion to strike the affirmative defenses of estoppel, laches, and unclean hands because the defendant had "not alleged facts establishing the plausibility of these defenses" even though the factual allegations necessary to support these defenses would have been generally available to the defendant). *Rouse*, 363 N.Y.S.2d at 168 (holding general denial insufficient because "it is apparent that defendant knew, at the time the answer was served, that certain of the allegations of the complaint were true."). Pepe's Second, Third, and Fourth affirmative defenses are predicated on the Hudson Valley Proud Boys Chapter's use of the "Proud Boys" trademark—circumstances that Pepe, as President of the Chapter, is knowledgeable about. Yet, Pepe's Answer remains conspicuously silent on these factual issues.

Lastly, Plaintiff is prejudiced by the total lack of detail in Pepe's untimely filed affirmative defenses that lack any factual basis. *See Car-Freshner Corp.*, 2019 WL 6270991, at *6 ("[B]ecause of the factual … invalidity of the defense, the defense would cause prejudice to Plaintiff through waste of time and undue delay of discovery completion and trial."); *see also M.C.F. Assocs., Inc.*, 530 F. Supp. 3d at 467 ("[I]f, as here, the defense is neither factually insufficient nor legally valid, the general principle that '[i]ncreased time and expense of trial may constitute sufficient prejudice to warrant granting [Plaintiff's] Rule 12(f) motion' applies.") quoting *Estee Lauder, Inc.* v. *Fragrance Counter, Inc.*, 189 F.R.D. 269, 272 (S.D.N.Y. 1999).

### D. This Court Should Strike Pepe's Answer and Affirmative Defenses and Either Enter a Default or Declare the Complaint's Allegations Against Pepe Be Deemed Admitted

In the first instance, a failure to answer should result in entry of default under the plain language of the Federal Rules. Fed. R. Civ. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . . the clerk must enter the party's default."). Pepe's Answer was untimely, and his deficient Answer and Affirmative Defenses should be struck. In such circumstances where Plaintiff's claims remain unanswered, the Court should direct the Clerk to issue a Certificate of Default upon which Plaintiff will move for default.[1] *See City of New York* v. *Mickalis Pawn Shop, LLC*, 645 F.3d 114, 129 (2d Cir. 2011) ("[T]he 'typical' Rule 55 case [is one] in which a default has [been] entered because a defendant failed to file a timely answer") (citing *Brock* v. *Unique Racquetball & Health Clubs, Inc.*, 786 F.2d 61, 64 (2d Cir.1986)); *see also Yoon* v. *Jamaica French Cleaners, Inc.*, 2014 WL 4199723, at *3 (E.D.N.Y. Aug. 22, 2014) ("Any sanctions less harsh than striking defendants' answer and entering a default would be fruitless where, as here, the defendants have willfully abandoned their defense of the case."); *Wilmington Sav. Fund Soc'y, FSB* v. *White*, 2021 WL 7908045, at *3 (E.D.N.Y. Dec. 14, 2021) (recommending that defendant's answer be stricken, with plaintiff to "promptly seek a default judgment").

Alternatively, the Court should deem Plaintiff's allegations admitted. Failure to deny an allegation to which a response is required has the effect of an admission. Fed. R. Civ. P. 8(b)(6); *Weitnauer Trading Co.* v. *Annis*, 516 F.2d 878, 880-81 (2d Cir. 1975) (holding that an allegation in the complaint "was admitted by appellant's failure to deny"); *see also Ismail* v. *Cohen*, 706 F. Supp. 243, 249 (S.D.N.Y. 1989) (holding "defendants did not deny, and are therefore deemed to have admitted, the specific allegations of the complaint"), *aff'd*, 899 F.2d

---

[1] The process for seeking default judgment against a party who "fails to defend" in a matter consists of two steps: "first, the entry of a default, and second, the entry of a default judgment." *Mickalis Pawn Shop, LLC*, 645 F.3d at 128.

183 (2d Cir. 1990). If the Court strikes Pepe's Answer, his denials will no longer be in effect, and, as such, the allegations in the Complaint will be unanswered and should be deemed admitted. *Gen. Elec. Cap. Corp.* v. *Ten Forward Dining, Inc.*, 2011 WL 4631921, at *2 n.6 (E.D. Cal. Oct. 3, 2011) (noting that because defendants' answer was "stricken by the court . . . the allegations in the complaint against these corporate defendants are deemed admitted"); *Brock*, 786 F.2d at 64 (2d Cir. 1986) (a district court is empowered to enter a default against a "defendant [that] has failed to ... 'otherwise defend,'" quoting Fed. R. Civ. P. 55(a)); *Orbit Irr. Prods.* v. *Sunhills Int'l*, 2015 WL 1393232, at *7 (D. Utah Mar. 25, 2015) (holding that because the Court has "struck the … Answer, allegations in the Third Amended Complaint . . . are deemed admitted and the Court's analysis will rely on the facts contained therein"). Pepe, by his deficient and untimely Answer and conclusory affirmative defenses, has failed to deny Plaintiff's allegations, and Plaintiff's allegations as to Pepe should be deemed admitted.

### IV.   CONCLUSION

For the foregoing reasons, Pepe's Answer should be stricken in its entirety, including Pepe's Affirmative Defenses, and either this Court should direct the Clerk to issue a Certificate of Default upon which Plaintiff will move for default, or Plaintiff's allegations as to Pepe should be deemed admitted.

Dated: November 5, 2025

Respectfully submitted,

| | |
|---|---|
| **LAWYERS' COMMITTEE FOR CIVIL RIGHTS UNDER LAW** | **PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP** |
| By: */s/ Len Kamdang*<br>Len Kamdang<br>1500 K Street NW, Suite 900<br>Washington, DC 20005<br>Tel: 202-662-8329<br>Fax: 202-783-0857<br>Email: lkamdang@lawyerscommittee.org | By: */s/ Daniel J. Kramer*<br>Daniel J. Kramer<br>Geoffrey R. Chepiga<br>Daniel S. Reich<br>1285 Avenue of the Americas<br>New York, NY 10019-6064<br>Tel: 212-373-3000<br>Fax: 212-757-3990<br>Email: dkramer@paulweiss.com<br>gchepiga@paulweiss.com<br>dreich@paulweiss.com |
| *Co-Counsel for Plaintiff Metropolitan African Methodist Episcopal Church* | |
| **WASHINGTON LAWYERS' COMMITTEE FOR CIVIL RIGHTS & URBAN AFFAIRS** | By: */s/ Paul D. Brachman*<br>Paul D. Brachman<br>2001 K Street, NW<br>Washington, DC 20006-1047<br>Tel: 202-223-7300<br>Fax: 202-223-7420<br>Email: pbrachman@paulweiss.com |
| By: */s/ Kaitlin Banner*<br>Kaitlin Banner (*pro hac vice* application forthcoming)<br>700 14th Street NW, Suite 400<br>Washington, DC 20005<br>Tel: 202-319-1000<br>Fax: 202-319-1010<br>Email: kaitlin_banner@washlaw.org | *Co-Counsel for Plaintiff Metropolitan African Methodist Episcopal Church* |
| *Co-Counsel for Plaintiff Metropolitan African Methodist Episcopal Church* | |

## **WORD COUNT CETIFICATION**

I hereby certify that the foregoing document complies with the word count limit set forth in Local Civil Rule 7.1. I relied on the word count of the word-processing system used to prepare the document. The total number of words in this document, exclusive of the caption, table of contents, table of authorities, and signature block, is 4,553 words.

*/s/ Daniel J. Kramer*
Daniel J. Kramer