UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| METROPOLITAN AFRICAN METHODIST EPISCOPAL CHURCH, | |
| Plaintiff, | |
| -v.- | 25 Civ. 6396 (KPF) |
| HUDSON VALLEY PROUD BOYS CHAPTER, WILLIAM PEPE, and JOHN DOES 1-100, | **ORDER** |
| Defendants. | |

KATHERINE POLK FAILLA, District Judge:

Plaintiff filed this trademark infringement action on August 4, 2025.
(Dkt. #1).  Defendant William Pepe's answer was due September 4, 2025.  (Dkt.
#16).  Without having previously sought an extension, Mr. Pepe filed his
answer on September 18, 2025.  (Dkt. #20).  Mr. Pepe's answer was two pages
long, over half of which was a list — without factual support — of seven
affirmative defenses that Mr. Pepe intended to raise.  (*Id.*).

Plaintiff communicated to Mr. Pepe its belief that Mr. Pepe's answer was
untimely and deficient under the Federal Rules of Civil Procedure.  (Dkt. #10).
In light of this, the parties entered a stipulation, which the Court endorsed on
October 10, 2025, giving Mr. Pepe until October 17, 2025, to file an amended
answer.  (Dkt. #22).  The stipulation also permitted Plaintiff to file a motion to
strike if were to view Mr. Pepe's amended answer as deficient and set a briefing
schedule:  Plaintiff's prospective motion to strike would be due on November 7,

2025, Mr. Pepe's opposition would be due due on November 24, 2025, and Plaintiff's reply would be due on December 5, 2025.  (*Id.*).

Mr. Pepe never filed an amended answer.  Plaintiff timely filed its motion to strike Mr. Pepe's answer and affirmative defenses, along with supporting papers.  (Dkt. #23-25).  In its motion, Plaintiff also requested that the Court direct the Clerk of Court to issue a Certificate of Default against Mr. Pepe or to deem the allegations in the Complaint against Mr. Pepe as admitted.  (Dkt. #23).  Mr. Pepe did not file an opposition by his November 24, 2025 deadline. Plaintiff then filed a short reply on November 26, 2025.  (Dkt. #27-28).  Before the Court is Plaintiff's motion to strike.  (Dkt. #23).

Plaintiff asks the Court to strike Mr. Pepe's answer for two reasons: (i) because it is untimely (Dkt. #24 at 5-6), and (ii) because it fails to comply with the pleading standards in the Federal Rules of Civil Procedure (*Id.* at 6-9).  The Court recognizes that the answer was untimely but does not view that as a sufficient ground to strike it.  Instead, the Court agrees with Plaintiff's second proffered reason, and for that reason, GRANTS Plaintiff's motion to strike.

The Court recognizes that "[s]triking an answer … 'is a drastic remedy generally to be used only when the district judge has considered lesser alternatives'" *Pelgrift* v. *355 W. 51st Tavern Inc.*, 2016 WL 817470, at *2 (S.D.N.Y. Feb. 23, 2016) (quoting *S. New Eng. Tel. Co.* v. *Glob. NAPs Inc.*, 624 F.3d 123, 144 (2d Cir. 2010)).  But such a remedy is warranted here.

As Plaintiff explains, Mr. Pepe's answer is "substantively deficient."  (Dkt. #24 at 7).  Mr. Pepe issues a blanket denial covering over 100 paragraphs of

Plaintiff's complaint (Dkt. #20 ¶ 1), compromising Plaintiff's ability to effectively litigate this case, *see Sweigert* v. *Goodman*, No. 23 Civ. 5875 (JGK), No. 23 Civ. 6881 (JGK), 2024 WL 4493768, at *4 (S.D.N.Y. Oct. 11, 2024) ("[T]he principal function of pleadings under the Federal Rules is to give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial" (internal quotation marks omitted) (quoting *Salahuddin* v. *Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988))).  Furthermore, Mr. Pepe's blanket denial covers certain allegations that appear objectively true.  (*See* Dkt. #24 at 7-8.)

In addition, Mr. Pepe fails to allege a sufficient factual basis for him affirmative defenses.  *See GEOMC Co.* v. *Calmare Therapeutics Inc.*, 918 F.3d 92, 98 (2d Cir. 2019) ("We conclude that the plausibility standard of *Twombly* applies to determining the sufficiency of all pleadings, including the pleading of an affirmative defense.").  He provides only bare assertions that the affirmative defenses apply, supported by zero facts.  (Dkt. #20 ¶ 4-10).  *See Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund* v. *M.C.F. Assocs., Inc.*, 530 F. Supp. 3d 460, 467 (S.D.N.Y. 2021) (striking affirmative defense for "lack of any non-conclusory factual allegations"); *Vyas ex rel. Q3 I, L.P.* v. *Taglich Bros., Inc.*, No. 23 Civ. 8104 (AT), 2025 WL 1265876, at *2 (S.D.N.Y. Apr. 28, 2025) (granting a motion to strike the affirmative defenses of estoppel, laches, and unclean hands because the defendant had "not alleged facts establishing the plausibility of these defenses" even though the factual

allegations necessary to support these defenses would have been generally available to the defendant).

The Court thus concludes that Mr. Pepe's answer must be struck in its entirety. But instead of directing the Clerk of Court to enter a Certificate of Default as Plaintiff requests (*see* Dkt. #23), the Court will give Mr. Pepe one final chance to file an answer that complies with the Federal Rules of Civil Procedure. Mr. Pepe's amended answer is hereby due on or before **December 16, 2025**. Should Mr. Pepe fail to answer by that date, Plaintiff may seek the entry of a Certificate of Default from the Clerk of Court.

The initial pretrial conference currently scheduled for December 16, 2025, is hereby ADJOURNED *sine die,* to be rescheduled in the event that Mr. Pepe files a valid answer.

The Clerk of Court is directed to strike Mr. Pepe's answer at docket entry 20 and terminate the pending motion at docket entry 23.

SO ORDERED.

Dated:   December 1, 2025
        New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge