**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

METROPOLITAN AFRICAN METHODIST
EPISCOPAL CHURCH,

                    Plaintiff,

          v.

HUDSON VALLEY PROUD BOYS CHAPTER;
WILLIAM PEPE; JOHN DOES 1-100,

                   Defendants.

Case No. 25 Civ. 6396 (KPF)

<u>**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF**</u>
<u>**PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**</u>

**INTRODUCTION**

Plaintiff Metropolitan African Methodist Episcopal Church respectfully submits this Reply Memorandum of Law in Further Support of Its Motion for Default Judgment ("Default Motion") (Dkt. 35), against Defendants the Hudson Valley Proud Boys Chapter ("Hudson Valley Chapter") and William Pepe, President of the Hudson Valley Chapter.

On January 21, 2026, in advance of a show cause hearing scheduled for April 8, 2026, this Court set a briefing schedule directing Defendants to file any opposition to Plaintiff's Default Motion by no later than March 18, 2026.  Dkt. 40.  That date has now come and gone with no filing from Defendants.  Their silence continues a long, willful pattern of ignoring deadlines and this Court's orders.  Despite ample notice and opportunity to defend this action, Defendants have declined to do so.  As such, Plaintiff respectfully requests that the Court enter default judgment and award the relief requested by Plaintiff.

**ARGUMENT**

I.    **Defendants' Willful Failure to Respond Warrants Entry of Default Judgment**

As set out in detail in Plaintiff's Memorandum of Law In Support of Motion for Default Judgment (Dkt. 35), Plaintiff has met all the criteria for entry of default judgment.

Defendants' latest failure to oppose the Default Motion confirms that its conduct all along has been willful, which makes default judgment particularly appropriate.  *See* Dkt. 35 at 20–21.  Default judgment is warranted where a party's default is willful, meaning that it is "more than merely negligent or careless, but is instead egregious and . . . not satisfactorily explained." *Bricklayers & Allied Craftworkers Loc. 2, Albany, N.Y. Pension Fund* v. *Moulton Masonry & Const., LLC*, 779 F.3d 182, 186 (2d Cir. 2015).  Conduct is "willful" where, just as here, parties fail to answer, ignore court-ordered deadlines, and decline to oppose a default motion.  *See, e.g.*,

2

*Zhang* v. *Hito Restaurant, Inc.*, No. 18 Civ. 12331 (KPF), 2019 WL 13446990, at *1 (S.D.N.Y. Oct. 25, 2019) (finding willful default where, despite proper service, defendant never responded to the complaint); *McDermott* v. *Light the Region Media* LLC, 707 F. Supp. 3d 264, 270 (W.D.N.Y. 2023) (concluding that failure to respond to both the complaint and a motion for default judgment demonstrates willful conduct).

Here, the record clearly demonstrates willful failure to engage in this case or meet court-ordered deadlines.

Plaintiff filed its Complaint on August 4, 2025. Dkt. 1. Pepe was served both in his individual capacity and as President of the Hudson Valley Chapter, and Pepe personally accepted service of Plaintiff's Complaint as documented in the Affidavits of Service filed with this Court. *See* Dkts. 16, 17. Defendants blew past Federal Rule of Civil Procedure 12(a)(1)(A)(i)'s 21-day deadline to answer Plaintiff's Complaint. They sought no extension and offered no explanation. On September 18, 2025, Pepe, through counsel, belatedly filed on ECF a two-page Answer—his only filing in this case—which consisted of boilerplate denials and generic, defective affirmative defenses. Dkt. 20. Following several unanswered emails from Pepe's counsel and a missed meet and confer, the parties met and conferred on October 2, 2025 and then filed a Joint Stipulation and Order. *See* Dkts. 21, 36 at ¶ 21. The Joint Stipulation and Order confirmed that "Plaintiff has asserted that Pepe's Answer was untimely, and also deficient under the Federal Rules of Civil Procedure," and provided Pepe with a further opportunity to file an amended answer by no later than October 17, 2025. Dkt. 22. But Pepe never filed any amended answer.

On October 10, 2025, Plaintiff served its First Set of Interrogatories and its First Set of Requests for Production on Pepe's counsel. Pepe's counsel accepted service on Pepe's behalf

3

and exchanged initial correspondence with Plaintiff's counsel regarding the discovery requests, but ultimately never responded to any of the discovery requests. *See* Dkt. 36 at ¶¶ 22, 24, 25.

On November 5, 2025, Plaintiff moved to strike Pepe's defective Answer and for entry of default. Dkt. 23. Pepe did not oppose Plaintiff's motion; nor did they respond in any way. On December 1, 2025, this Court struck Pepe's defective Answer and gave Pepe "one final chance" to file an amended Answer by December 16, 2025. Dkt. 29 at 4. The Court also required the Hudson Valley Chapter to file an Answer by the same date, but no answers were ever filed.[1]

Plaintiff then sought entry of, and obtained, a Certificate of Default against Defendants on December 17, 2025. Dkts. 30, 31, 33. Following entry of the Certificate by the Clerk of Court, Plaintiff moved by way of an Order to Show Cause for entry of default judgment and an award of damages and injunctive relief against Defendants on January 16, 2026. Dkt. 34, 35. On January 22, 2026, Plaintiff mailed hard copies of the signed Order to Show Cause, Plaintiff's Default Motion, and all supporting papers to Pepe and the Hudson Valley Chapter. Dkt. 41. No opposition has been filed.

Defendants have offered no explanation—let alone any satisfactory one—for their persistent noncompliance and failure to litigate this case. Pepe certainly cannot claim ignorance given his initial Answer and the appearance of his counsel. *See, e.g.*, *Broad. Music, Inc.* v. *Buffalo Wing Joint & Pub, LLC*, 431 F. Supp. 3d 147, 153 (W.D.N.Y. 2019) (finding default where defendants failed to respond to a default judgment motion served upon defendants at their last known addresses). As for the Hudson Valley Chapter, its default is also willful: despite

---

[1] Because Pepe's counsel registered with ECF, he received electronic service of all filings in the case, including Plaintiff's Motion to Strike (Dkt. 24), Reply in Support of Plaintiff's Motion to Strike (Dkt. 27), Clerk's Certificate of Default (Dkt. 30), and Default Motion (Dkt. 35) through ECF. Plaintiff's counsel also sent courtesy copies of the Request for Clerk's Entry of Default (Dkt. 31-5) and the Default Motion (Dkt. 35) by email to Pepe's counsel. Pepe's counsel has not sought to withdraw.

service on its last known officer, it has failed to answer the Complaint, oppose Plaintiff's Default Motion, or even appear in this case. *E.g.*, *Sola Franchise Corp.* v. *Solo Salon Studios Inc.*, No. 14-CV-946 (JS) (AKT), 2015 WL 1299259, at *6 (E.D.N.Y. Feb. 9, 2015) (finding willfulness established where "Defendant has not responded to [p]laintiffs' motion for [a] default judgment, has not appeared in this action, and has not communicated with the [c]ourt in any way."), *report and recommendation adopted*, 2015 WL 1299259 (E.D.N.Y. Mar. 23, 2015). As such, Defendants' failure to oppose Plaintiff's Default Motion in advance of the show cause hearing scheduled for April 8, 2026 is only the latest manifestation of their intent to abandon this case and willfully default.

Default judgment should therefore be entered.

## II.    Plaintiff Is Entitled to the Relief Sought

Defendants' willful default and non-opposition amounts to an admission of all allegations in the Complaint. *See City of New York* v. *Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011) ("It is an 'ancient common law axiom' that a defendant who defaults thereby admits all 'well pleaded' factual allegations contained in the complaint.") (quoting *Vt. Teddy Bear Co., Inc.* v. *1-800 Beargram Co.*, 373 F.3d 241, 246 (2d Cir. 2004)).

Plaintiff therefore respectfully reiterates its requests laid out in its Default Motion. Plaintiff seeks an injunction prohibiting Defendants' ongoing use of the "Proud Boys" mark, monetary damages of $75,000.00 dollars for Defendants' unauthorized use of the "Proud Boys" mark, and certain attorneys' fees and costs. *See* Dkt. 35 at 22–35. As set out in Plaintiff's Default Motion, its request for $183,603.50 in attorneys' fees incurred by Paul, Weiss,[2] and

---

[2]    As noted in the Default Motion, any attorneys' fees recovered by Paul, Weiss will be donated to its client, the Church. Dkt. 35 at 30.

$15,849.50 incurred by the Lawyers' Committee is reasonable and authorized under the Lanham Act.[3] *See* 15 U.S.C. § 1117(a). These fees constitute a fraction of the more than 1,000 hours of work that Plaintiff's counsel volunteered to vindicate Plaintiff's rights and to deter the Proud Boys, their supporters, and other white supremacists from attacking Plaintiff and its trademark rights. For the avoidance of doubt, Plaintiff is not seeking reimbursement for work performed after January 17, 2026, the date Plaintiff filed its Default Motion—including the hours spent on this reply and preparation for the show cause hearing on April 8, 2026. The full measure of this relief is necessary to compensate Plaintiff for the injuries it has suffered as a result of Defendants' infringement and to also prevent ongoing and future harm.

## **CONCLUSION**

For the foregoing reasons, this Court should enter default judgment and award Plaintiff injunctive relief, damages, and attorneys' fees and costs in the amounts set out in the Default Motion.

---

[3] At this time, Plaintiff is not seeking fees of its co-counsel the Washington Lawyers' Committee for Civil Rights & Urban Affairs.

Dated: March 25, 2026

Respectfully submitted,

**LAWYERS' COMMITTEE FOR CIVIL RIGHTS UNDER LAW**

By: */s/ Len Kamdang*
    Len Kamdang
    Freya Jamison
    1500 K Street NW, Suite 900
    Washington, D.C. 20005
    Tel: 202-662-8329
    Fax: 202-783-0857
    Email: lkamdang@lawyerscommittee.org
        fjamison@lawyerscommittee.org

*Co-Counsel for Plaintiff Metropolitan African Methodist Episcopal Church*

**WASHINGTON LAWYERS' COMMITTEE FOR CIVIL RIGHTS & URBAN AFFAIRS**

By: */s/ Kaitlin Banner*
    Kaitlin Banner (*pro hac vice application forthcoming*)
    700 14th Street NW, Suite 400
    Washington, D.C. 20005
    Tel: 202-319-1000
    Fax: 202-319-1010
    Email: kaitlin_banner@washlaw.org

*Co-Counsel for Plaintiff Metropolitan African Methodist Episcopal Church*

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

By: */s/ Daniel J. Kramer*
    Daniel J. Kramer
    Geoffrey R. Chepiga
    Daniel S. Reich
    1285 Avenue of the Americas
    New York, N.Y. 10019-6064
    Tel: 212-373-3000
    Fax: 212-757-3990
    Email: dkramer@paulweiss.com
        gchepiga@paulweiss.com
        dreich@paulweiss.com

By: */s/ Paul D. Brachman*
    Paul D. Brachman
    2001 K Street, NW
    Washington, DC 20006-1047
    Tel: (202) 223-7300
    Fax: (202) 223-7420
    Email: pbrachman@paulweiss.com

*Co-Counsel for Plaintiff Metropolitan African Methodist Episcopal Church*

7

## **WORD COUNT CERTIFICATION**

I hereby certify that the foregoing document complies with the word count limit set forth in Local Civil Rule 7.1.  I relied on the word count of the word processing system used to prepare the document.  The total number of words in this document, exclusive of the caption and signature block, is 1,464 words.

/s/ *Daniel J. Kramer*
Daniel J. Kramer
