# PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Brussels
Hong Kong
Houston
London
Los Angeles
San Francisco
Tokyo
Toronto
Washington, DC
Wilmington

1285 Avenue of the Americas
New York, NY 10019-6064
+1 212 373 3000

**Geoffrey Chepiga**
**Direct Dial:** +1 212 373 3421
**Email:** gchepiga@paulweiss.com

June 30, 2026

<u>Via ECF</u>



Hon. Katherine Polk Failla
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

Re:    *Metropolitan African Methodist Episcopal Church v. Hudson Valley Proud Boys Chapter et al*, 25-cv-6396

Dear Judge Failla:

We represent Plaintiff Metropolitan African Methodist Episcopal Church ("Metropolitan AME") in the above-referenced matter.  Pursuant to Rule 2(C)(ii) of Your Honor's Individual Rules of Practice in Civil Cases and Local Civil Rule 37.2, Plaintiff respectfully requests an informal conference concerning Defendant William Pepe's complete failure to respond to Plaintiff's post-judgment discovery, and leave to move to compel his responses under Federal Rule of Civil Procedure 37(a).[1]

**Background**

On April 8, 2026, the Court entered a default judgment against Defendants Hudson Valley Proud Boys Chapter and William Pepe for trademark infringement under the Lanham Act.  ECF No. 49.  The judgment includes a permanent injunction, $75,000 in damages, and $199,453 in attorneys' fees.  *Id.*  To enforce the resulting money judgment, on May 14, 2026, Plaintiff served on Pepe's counsel, by email and U.S. Mail, a First Set of Post-Judgment Interrogatories and a First Set of Post-Judgment Requests for Production, both pursuant to Federal Rule of Civil Procedure 69 and New York CPLR § 5223.  *See* Exhibits A, B.  Each set specified that responses were due

---

[1] In accordance with Rule 2(C)(ii) of Your Honor's Individual Rules, Plaintiff's counsel conferred with Mr. Pepe's counsel of record, Austin Manghan, by telephone on June 29, 2026, but was unable to resolve the dispute.  Mr. Manghan did not commit to providing the overdue responses and instead indicated that he intends to move to withdraw.  Plaintiff will likely oppose any such motion unless and until Mr. Pepe has secured substitute counsel.

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP                                                                2

within 30 days of service, *i.e.*, on or about June 13, 2026.  On June 10, 2026, Pepe's counsel telephoned Plaintiff's counsel and indicated that he had not prepared responses to the post-judgment requests.  Mr. Manghan did not, however, request an extension of Pepe's deadline. Regardless, as of the date of this letter, Pepe has served **no responses and no objections** to either the interrogatories or the requests for production.  He is now approximately fourteen days overdue.

This pattern is not new. During the merits phase of this action, Plaintiff served a First Set of Interrogatories and Requests for Production on October 10, 2025, which Pepe's counsel accepted on October 13, 2025.  Pepe never responded to that discovery either, as set forth in Plaintiff's Memorandum of Law in Support of its Motion for Default Judgment.  *See* ECF No. 35 at pp. 11-12.  Nor did Pepe oppose Plaintiff's motion for default judgment; his only response was an Amended Answer filed nearly four months past its deadline, which the Court struck as untimely. *See* ECF No. 51.

Plaintiff served this discovery for a single purpose: to identify assets, income, and financial transactions available to satisfy the Court's judgment.  Without Pepe's responses, Plaintiff cannot locate assets available to satisfy the judgment or determine the appropriate means of execution, frustrating enforcement of the judgment the Court has already entered.  That prejudice compounds with delay.  Each day without responses affords a judgment debtor who has already ignored discovery obligations and defaulted in this action an additional opportunity to dissipate or transfer assets beyond Plaintiff's reach, and Plaintiff's requests are designed in part to identify precisely those transfers.

### Argument

Post-judgment discovery is broad and is favored.  Rule 69(a)(2) provides that, "[i]n aid of the judgment or execution, the judgment creditor . . . may obtain discovery from any person— including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located."  The Second Circuit recognizes that "broad post-judgment discovery in aid of execution is the norm in federal and New York State courts."  *EM Ltd.* v. *Republic of Argentina*, 695 F.3d 201, 207–08 (2d Cir. 2012).  A judgment creditor accordingly "is entitled to a wide range of discovery concerning the assets and liabilities of a judgment debtor."  *Banco Cent. De Paraguay* v. *Paraguay Humanitarian Found., Inc.*, 2006 WL 3456521, at *8 (S.D.N.Y. Nov. 30, 2006).  The Church's requests fall comfortably within these bounds:  the Interrogatories and Requests for Production seek information directed at identifying assets available to satisfy the judgment, including Pepe's real and personal property, bank and cryptocurrency accounts, sources of income and employment, outstanding debts, and any transfers of assets made since the judgment was entered.  *See* Ex. A at pp. 13–16; Ex. B at pp. 8–11.

Courts in this District routinely compel judgment debtors who, like Pepe, ignore post-judgment discovery.  *See, e.g., Republic of Guatemala* v. *IC Power Asia Development Ltd.*, 2023 WL 3294277, at *3 (S.D.N.Y. May 5, 2023) (granting judgment creditor's motion to compel and awarding fees); *Rodriguez* v. *New Generation Hardware Store Corp.*, 2024 WL 232103, at *1 (S.D.N.Y. Jan. 22, 2024) (same).  The Court possesses broad authority to enforce compliance, including through sanctions and contempt. *See id.; Cordius Trust* v. *Kummerfeld Assocs., Inc.*,

2009 WL 3416235 (S.D.N.Y. Oct. 23, 2009) (holding judgment debtor in contempt and awarding fees for noncompliance with a post-judgment discovery order).

Separately, Pepe's failure to serve any timely objection waives his objections. "Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Fed. R. Civ. P. 33(b)(4); *see Eldaghar* v. *City of New York Dep't of Citywide Admin. Servs.*, 2003 WL 22455224, at *1 (S.D.N.Y. Oct. 28, 2003). Pepe has made no objection and has offered no good cause for his silence; any objections are therefore waived.

Accordingly, Plaintiff respectfully requests that the Court schedule an informal discovery conference and grant Plaintiff leave to move to compel Pepe to respond, without objection, to the Post-Judgment Interrogatories and Requests for Production served on May 14, 2026. We thank the Court for its attention to this matter.

Respectfully,

*/s/ Geoffrey Chepiga*
Geoffrey Chepiga

*Co-Counsel for Plaintiff*
*Metropolitan African Methodist*
*Episcopal Church*

cc: All Counsel of Record (by ECF)

Plaintiff's above request for a conference is GRANTED. The parties shall appear for a telephonic conference on **July 28, 2026,** at **11:00 a.m.** At the scheduled time, the parties shall call (855) 244-8681 and enter access code 2315 780 7370.

The Court further recognizes Plaintiff's statement that Mr. Pepe's counsel intends to withdraw. Such a motion has not yet been made, much less granted.

The Clerk of Court is directed to terminate the pending motion at docket entry 54.

Dated:     July 7, 2026                    SO ORDERED.
           New York, New York

                                           HON. KATHERINE POLK FAILLA
                                           UNITED STATES DISTRICT JUDGE